Cookish v. Hillsborough County          CV-95-518-M    10/08/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dennis R. Cookish, et al.

    v.                                             Civil No. 95-518-M

Hillsborough County, et al.


O R D E R


Dennis Cookish and six other inmates bring a civil rights suit challenging the conditions of confinement at the Hillsborough County jail during pretrial detention.  The court undertook a preliminary review of the plaintiffs' complaint pursuant to 28 U.S.C.A. § 1915(d), and the plaintiffs object to the magistrate judge's recommendation to dismiss two claims in the complaint.  Review of a magistrate judge's dispositive recommendation is de novo, and, having reviewed the report and recommendation in light of the plaintiffs' objection, the court modifies it as follows.  See 28 U.S.C.A. § 636(b)(1); Fed. R. Civ. P. 72(b).

The magistrate judge recommends that the plaintiffs' due process claim for loss of their property be dismissed because an adequate postdeprivation remedy exists through the state statutory claims process.  See N.H. Rev. Stat. Ann. § 541-B:9, II

and V (Supp. 1995). As the plaintiffs point out in their objection, however, while Chapter 541-B provides remedies within the waiver of sovereign immunity by the state, it does not apply to claims against a county, such as those asserted in this suit. See N.H. Rev. Stat. Ann. § 541-B:1, I (Supp. 1995).

Nevertheless, "[i]n procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." Zinermon v. Burch, 494 U.S. 113, 125 (1990). Therefore, "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." Id. at 126. When a plaintiff's due process claim for property loss is based on authorized government conduct or established procedure, the claim must include allegations of an unconstitutional deficit in the predeprivation process provided. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 436-37 (1982). When a due process claim is based on random or unauthorized governmental conduct, where predeprivation process is impracticable, due process may be satisfied by an adequate postdeprivation remedy, and a claim does

2

not exist if a postdeprivation remedy is adequate and available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Ordinarily, state tort remedies are sufficient to provide constitutionally adequate postdeprivation remedies. See Cronin v. Town of Amesbury, 81 F.3d 257, 260 (1st Cir. 1996); Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 21-22 (1st Cir. 1988).

In the present case, the plaintiffs' allegations pertaining to loss of their property, which were construed as procedural due process claims by the magistrate judge, do not include allegations of what process was lacking or unavailable. As a constitutional violation does not occur (and therefore a claim for deprivation of procedural due process does not exist) until the defendant fails to provide constitutionally required process, the plaintiffs have failed to state actionable procedural due process claims. To the extent the plaintiffs intend to state procedural due process claims for loss of their property in addition to claims alleging interference with their right of access to the courts and claims challenging the conditions of their pretrial detention, their allegations are insufficient. Therefore, they shall amend their complaint, within thirty days from the date of this order, to state separate procedural due

3

process claims for loss of property, or those claims shall be deemed waived.

The plaintiffs also contend that their claims based on allegations of inadequate notarial services should survive. As the magistrate judge properly determined, however, notarial services are ancillary to an inmate's right to access the court, and to state a claim, the plaintiffs must allege actual injury caused by inadequate services. See Sowell v. Vose, 941 F.2d 32, 34 (1st Cir. 1991); see also Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Because the plaintiffs only express concern that adverse consequences are "within the realm of possibility," they allege no factual basis to support a claim of actual injury related to inadequate notarial services, and actual injury is highly unlikely. The magistrate judge properly dismissed the claim.

## CONCLUSION

The report and recommendation (document no. 24) is hereby modified to allow the plaintiffs an opportunity to amend their complaint to adequately state procedural due process claims, if they can do so consistently with the facts and in good faith, but is otherwise affirmed. The plaintiffs shall file an amended

4

complaint within thirty days of the date of this order, as described, or their procedural due process claims for loss of their property shall be deemed waived. The plaintiffs' objection (document no. 26) is granted in part and denied in part.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

**October 8, 1996**

cc:  James E. Duggan, Esq.
     Carolyn M. Kirby, Esq.